GARDEN, JUDGE:
On the morning of August 21, 1980, a record flood hit the area of Goldtown, Jackson County, West Virginia. Numerous homes in the area were damaged or destroyed. The house owned by the claimant, Ricky Howerton, was lifted from its foundation by the flood waters and was carried approximately 7/10 of a mile downstream. It struck a bridge and came to rest sideways across W.Va. Route 21 completely blocking the road. Claimant alleges that negligence on the part of respondent’s employees in attempting to remove the house from the road resulted in the destruction of the house. The claimant had built the house between May and November of 1978. His records indicate that he had spent approximately $28,000.00 for materials and expended 750 hours or more in constructing the house. Claimant seeks to recover $40,000.00.
Claimant was able to reach his house before noon on August 21. Respondent’s work crew was already present at the site. Claimant was removing his possessions from his house when he was informed that the crew was going to try to turn the house to clear one lane for traffic. The work crew removed two windows on one end of the house and ran a chain through *287 them. When the chain was pulled, it ripped through the house. Mr. Howerton testified that no precautions were taken to prevent damage to the house. “If they had put a steel plate . . . it was suggested to them ... in front of that house where . . . or anything so that chain would have held onto it and got more of an area to push, the house could have been turned right around enough to have opened up that road there on the side.”
Claimant testified that his home then was destroyed by respondent. “Well, after that, the next thing I remember was somebody hollering, ‘get out of the house.’ I got out the front and looked up in the air and there come that Grade-All bucket over the top and just smashed it. After he got it down on the ground, the endloader come up. Them guys was just grinning. They just loaded her up in the pickups and buried it on another man’s property.” Claimant also testified that he had suggested getting a house mover. Claimant said, “On the house movers, having them move it which I checked into, it would have been at the tops four hours. That’s their travel time and all.” Claimant’s witness, Dickie E. Fisher, who was present when the house was destroyed corroborated claimant’s testimony.
Respondent’s witness, Corporal Harold Facemyer of the State Police, testified that the house had to be removed in order to allow for passage of emergency vehicles. While conceding that there were alternate routes to the houses along Route 21, Corporal Facemyer stated that the detours were too lengthy for emergency vehicles had there been any life-threatening situations. Under cross-examination, he said no such emergency arose. Corporal Facemyer also stated his belief that the house was unsalvageable.
Claimant’s witness, William F. Boggess, a residential home-builder testified to the value of the house. He estimated the fair market value before the flood was $68,000.00. He estimated that it would cost $19,450.00 to restore the house to its original condition after it was damaged by the flood and that the fair market value of the house immediately after the flood but before its destruction was $48,550.00. These estimates were based on a study of photographs of the house and on viewing a comparable house with similar damage.
*288 While the respondent had both a right and a duty to remove the house from the highway and was obliged to perform it expeditiously, it had a concomitant obligation to perform that duty in a reasonable manner. The plain preponderance of the evidence impels the conclusion that it did not do so and accordingly, the claimant is entitled to an award of the damages which he sustained as a result of the respondent’s actions.
On the issue of damages, the weight attributable to the testimony of the witness Boggess must be reduced considerably by reason of the fact that it was based upon photographs of the house. Aside from that evidence, however, there is only the testimony of the claimant and the witness Facemyer which is in irreconcilable conflict. In view of that conflict, the Court is disposed to award damages in the sum of $20,000.00.
Award of $20,000.00.